UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MALIBU MEDIA, LLC,

        Plaintiff,

vs.                            Case No. 14-cv-12409
                                      Hon. George Caram Steeh

MICHAEL BRAUN,

        Defendant.
_____/

Paul J. Nicoletti (P44419)
Attorney for Plaintiff
Nicoletti Law, PLC
33717 Woodward Avenue, Suite 433
Birmingham, MI  48009
(248) 203-7800

Bruce T. Wallace (P24148)
Oscar A. Rodriguez (P73413)
Attorneys for Defendant
Hooper, Hathaway, Price,
  Beuche & Wallace
126 South Main Street
Ann Arbor, MI  48104
(734) 662-4426
_____/

**DEFENDANT'S MOTION TO
DISMISS COMPLAINT**

NOW COMES Defendant Michael Braun, by and through his attorneys,

Hooper, Hathaway, Price, Beuche & Wallace, and moves for dismissal of

Plaintiff's Complaint with prejudice for failure to state a claim upon which relief may be granted, pursuant to Fed. R. Civ. P. 12(b)(6).

The sole issue in this case is whether Plaintiff's Amended Complaint (Doc #6), specifically its single count of Direct Infringement, was sufficiently plead to survive a motion to dismiss for failure to state a claim upon which relief may be granted. The facts and argument which provide the basis for this motion are set forth more fully in the attached memorandum incorporated by reference herein.

Respectfully submitted,

HOOPER, HATHAWAY, PRICE,
 BEUCHE & WALLACE

Dated:  January 27, 2015          BY:   /s/Oscar A. Rodriguez
                                        Bruce T. Wallace (P24148)
                                        Oscar A. Rodriguez (P73413)
                                        Attorneys for Defendant
                                        126 South Main Street
                                        Ann Arbor, MI  48104
                                        (734) 662-4426
                                        orod@hooperhathaway.com

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MALIBU MEDIA, LLC,

        Plaintiff,

vs.

MICHAEL BRAUN,

        Defendant.

_____/

Case No. 14-cv-12409
Hon. George Caram Steeh

Paul J. Nicoletti (P44419)
Attorney for Plaintiff
Nicoletti Law, PLC
33717 Woodward Avenue, Suite 433
Birmingham, MI  48009
(248) 203-7800

Bruce T. Wallace (P24148)
Oscar A. Rodriguez (P73413)
Attorneys for Defendant
Hooper, Hathaway, Price,
 Beuche & Wallace
126 South Main Street
Ann Arbor, MI  48104
(734) 662-4426

_____/

## BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

### I.    INTRODUCTION

Plaintiff Malibu Media, LLC's Complaint against Defendant Michael Braun

is one of thousands of cookie-cutter lawsuits arising out of the manner in which

Plaintiff makes its sex films available on the World Wide Web. Plaintiff, like in virtually every other copyright infringement lawsuit it has filed, alleges that "Defendant is a persistent online infringer of Plaintiff's copyrights" based on the claim that Defendant's IP Address was used through some sort of file sharing software to obtain copies of Plaintiff's films. Plaintiff alleges that between 2012 and 2014, Defendant's IP Address and Defendant accessed pornographic videos owned by Plaintiff using BitTorrent protocol.  Michael Braun has denied all of Plaintiff's allegations as he has never used BitTorrent and has never infringed any of Plaintiff's copyrights.

The U.S. News & World Report reported in February 2012 that more than 220,000 individuals have been sued since mid-2010 in mass BitTorrent lawsuits, many of them accused of illegally downloading pornographic movies. (Exhibit A)[1]. These "copyright trolls," as they have become known, use the same basic strategy: They log on to BitTorrent, download a movie and mine other downloader's easily accessible IP addresses. Using the IP addresses, they obtain the issuance of subpoenas to the various internet service providers such as Comcast, AT&T, and others who have information relating to the IP address in question. The internet service providers ("ISP") then supply the identity and

---

[1]  When considering whether to grant a 12(b)(6) motion, the court primarily considers the complaint's allegations and exhibits attached thereto, but may also take into account items appearing in the record of the case, orders, and "matters of public record." *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001) Copies of all media articles cited herein are attached to Defendants' Request for Judicial Notice, submitted concurrently herewith.

contact information associated with IP address to the plaintiff. Sometime later, the individual receives an all too common demand: pay a relatively small settlement or face a lawsuit and with it exposure to accusations of having downloaded pornographic material, and, of course, a potential fine of $150,000 per movie for violating a federal copyright statute.

Plaintiff files the most copyright lawsuits and is regarded as one of the largest players in the copyright troll business. According to a May 14, 2014 article in The New Yorker, in a one year period ending in early 2014, Plaintiff had filed over 1300 copyright infringement lawsuits, "more of these cases than anyone else, accounting for a third of all U.S. copyright litigation during that time". See article at Exhibit B. In all these lawsuits Plaintiff seeks the maximum statutory damages under the copyright statute as 17 U.S.C. § 504(2) per movie: $150,000. Id. Copies of the several of the countless media articles illustrating the practices of "copyright trolls," as the have become known, are attached as Exhibit C.

Judge Gary R. Brown, Federal Magistrate in the Eastern District of New York described[2] the litigation practice of Plaintiff "as part of a nationwide blizzard of civil actions brought by purveyors of pornographic films alleging copyright

---

[2] From Exhibit D- the Magistrate's Order & Report & Recommendation in *In re Bittorrent Adult Film Copyright Infringement Cases* Civil Action Nos.11-3995(DRH)(GRB); 12-1147(JS)(GRB); 12-1150(LDW)(GRB); and 12-1154(ADS)(GRB). The four cases involved more than 80 Joe Doe defendants. As of the date of the order the same plaintiffs (including Malibu Media, LLC) had filed another nineteen cases in the East District for New York alone.

infringement by individuals utilizing a computer protocol known as BitTorrent (see Exhibit D- Magistrate's Order & Report & Recommendation in *In re Bittorrent Adult Film Copyright Infringement Cases*). The putative defendants are identified only by Internet Protocol ("IP") addresses."   Though it has been recognized by various courts that an IP address alone is not sufficient to identify the infringer of a particular work, Plaintiff continues to engage a business model of extortion where putative defendants have no viable option other than payment to ensure a settlement. This strategy is no secret and this case is no different.

As is discussed more fully below, Plaintiff's complaint is defective and should have never been filed. Plaintiff's counsel violated Fed. R. Civ. P. 11 ("Rule 11") by failing to conduct an objectively reasonable inquiry into the facts and law to make sure that complaint was well-founded. McGhee v. Sanilac County, 934 F.2d 89, 92 (6th Cir. 1991). Specifically, Plaintiff failed to inquire into whether it was in fact Defendant Michael Braun that illegally downloaded and distributed its movies, as it alleges in its complaint. This failing strikes at the heart of Rule 11, whose primary purpose is "to deter baseless filings in District Courts" Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 413 (1990). Defendant has wrongfully and irresponsibly been subjected to the humiliating and expensive exercise of defending himself against allegations which are false and which were filed, subscribed to, and served in violation of Rule 11. Beyond the violation of Rule 11,

4

Plaintiff's Amended Complaint is defective as plead. Defendant now files the present motion to dismiss for failure to state a claim under which relief can be granted for the reason that Plaintiff has failed to sufficiently plead the necessary infringing conduct required in order to sustain a claim for direct copyright infringement as a matter of law.

## II.    ARGUMENT

### A.    Summary Of Plaintiff's Claim For Infringement

Plaintiff's original Complaint (Doc. #1) was filed against a John Doe "subscriber" identified only by an IP Address known as "24.11.171.186". It alleged a single count of "Direct Infringement" of Plaintiff's original works by the owner of the IP Address in violation of the United States Copyright Act at 17 U.S.C. §101, et seq ("Copyright Act"). It claims to have discovered these violations by having a private investigator monitor online sharing of its movies via BitTorrent software. Through the private investigator Plaintiff learned that IP Address 24.11.171.186 was involved in such sharing. After filing the original complaint, it requested permission from this Court to serve a subpoena on the Internet Service Provider ("ISP") responsible for providing internet access to IP Address 24.11.171.186 (Comcast Cable) for the limited purpose of determining the identity and contact information of the subscriber or subscribers named on the account associated with said address. Plaintiff admits in the first sentence of its Motion for

5

Leave to Serve a Third Party Subpoena (Doc #3, at p. 3) that it is "Defendant's <u>IP</u> <u>address</u> [that] has been habitually used to infringe Plaintiff's copyrighted works." (Emphasis added). Plaintiff also claims in its motion that "the ISP can use the IP address to identify the Defendant". (Doc #3, at p. 3).

After having determined the identity of the owner of IP Address 24.11.171.186 Plaintiff filed its Amended Complaint[3] (Doc. #6). The Amended Complaint is virtually identical to the original Complaint with the exception of the addition of Michael Braun as the named defendant.

In the Amended Complaint, Plaintiff alleges that "the Defendant [Michael Braun) engaged in unauthorized "copying" and "distribution" of the "constituent elements" of Plaintiff's movies, thereby committing <u>direct</u> copyright infringement. The basis for Plaintiff's claim is simple: IP Address 24.11.171.186 has been associated with the illegal downloading and distribution of movies owned by Plaintiff. Since Michael Braun is the <u>holder</u> of the Comcast Cable account that provided the IP address, he <u>directly</u> infringed Plaintiff's copyrighted movies in violation of the Copyright Act. Reduced to its simplest form, and ignoring all of the references to conspiracies and willful conduct, Plaintiff is making the leap that because Michael Braun pays the internet bill that is associated with IP Address

---

[3] Plaintiff does refer to the second complaint as an amendment, electing to again title it "Complaint-Action for Damages for Property Rights Infringement". However, the second complaint was filed under the designation of "Amended Complaint" in the ECF system and the information in the complaint with respect to the identity of the Defendant was amended.

24.11.171.186, he must have engaged in the infringing activities that Plaintiff complains of. This theory has no evidentiary basis, and merits dismissal pursuant to Fed. R. Civ. P. 12.

### B. Applicable Standard And Judicial Notice

#### 1. Judicial Notice

Defendant's motion to dismiss is directed to the Amended Complaint (Doc. #6). Defendant brings this motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for dismissal for "failure to state a claim upon which relief can be granted." Rule 12(b)(6). When considering whether to grant a Rule 12(b)(6) motion, the court primarily considers the complaint's allegations and exhibits attached thereto, but may also take into account items appearing in the record of the case, orders, and "matters of public record." LaFace Records, LLC v. Does 1-5, 2008 U.S. Dist. LEXIS 13638, 2008 WL 513508, *3 (W.D. Mich. Feb. 22, 2008) (citing Amini v. Oberlin College, 259 F.3d 493, 502 (6th Cir. 2001)). These items may be considered without converting the motion into one for summary judgment under Rule 56. See Barany-Snyder v. Weiner, 539 F.3d 327, 332 (6th Cir. 2008) (citing Amini, 259 F.3d at 502); See Rodic v. Thistledown Racing Club, Inc., 615 F.2d 736, 738 (6th Cir. 1980) ("Federal courts may take judicial notice of proceedings in other courts of record." (internal quotation marks and citation omitted)); DeBenedictis v. Merrill Lynch & Co., Inc., 492 F.3d 209, 214 (3d Cir.

2007) (taking judicial notice of *USA Today* and *Time Magazine* articles submitted by defendants). Defendant's motion incorporates several media articles as well as opinions from sister Districts. Each is addressed in a Request for Judicial Notice, filed contemporaneously with this motion.

### 2.    12(b)(6) Standard

"The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993). When deciding a motion under that Rule, the court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, (2007). Notably, however, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and the courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqba*l*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).

In ruling on a Rule 12(b)(6) motion, courts must evaluate whether a plaintiff has complied with Fed. R. Civ. P. 8(a) ("Rule 8(a)"). Zoxoang v Kerry, 710 F.3d 995, 998-99 (9th Cir. 2013). In order to state a valid claim for relief under Rule

8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 677-78 (2009). Rule 8(a) does not require detailed factual allegations, but it does require more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" <u>Id.</u>, quoting <u>Twombly</u>, 550 U.S. at 555. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" <u>Id.</u>, quoting <u>Twombly</u>, 550 U.S. at 557. Accordingly, Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." <u>Iqbal</u>, supra, at 678-79.

In this case, because Plaintiff makes allegations against Defendant without facts to support them, its Amended Complaint lacks the factual basis to support a claim against Defendant for <u>direct copyright infringement</u>. Therefore, the Court must dismiss the Complaint against Defendant.

## C.   <u>Plaintiff's Complaint Does Not Comply With Rule (8)(a) Because It Fails To Plead The Necessary Volitional Act Required For Infringement To Have Occurred.</u>

### 1.   <u>Direct Infringement Under the Copyright Act</u>

Plaintiff's <u>single</u> count Amended Complaint (Doc #6) alleges "direct infringement" in violation of the Copyright Act at 17 U.S.C. §106 based on the

9

conclusory allegation that Defendant Michael Braun used BitTorrent software to illegally download and distribute 52 of Plaintiff's movies. A claim of copyright infringement under the Copyright Act "requires proof that (1) the plaintiff had a valid copyright in the work allegedly infringed and (2) the defendant infringed the plaintiff's copyright by violating one of the exclusive rights that 17 U.S.C. § 106 bestows upon the copyright holder" Island Software & Computer Serv. v. Microsoft Corp., 413 F.3d 257, 260 (2nd Cir. 2005) (internal quotation omitted); see also Patrick Collins, Inc. v. John Does 1-28, 12-13670, 2013 WL359759 (E.D. Mich. Jan. 29, 2013).

Regarding the second element, for direct copyright infringement to have occurred "there must be actual infringing conduct with nexus sufficiently close and causal to illegal copying that one could conclude that alleged infringer trespassed on exclusive domain of copyright owner, and this nexus requires some aspect of volition or causation. CoStar Group, Inc. v LoopNet, Inc., 373 F3d 544, 549 (4th Cir. 2004). (emphasis added). Further, the Copyright Act "requires *conduct* by a person who causes in some meaningful way an infringement." Id. (emphasis in original). Lastly, "something more must be shown than mere ownership of a machine used by others to make illegal copies." Id.

The Amended Complaint contains the following allegations of Defendant's alleged "direct" copyright infringement (emphasis added).

10

| ¶ 2 | Defendant is a persistent online infringer of Plaintiff's copyrights. Indeed, **Defendant's IP address** as set forth on Exhibit A was used to illegally distribute each of the copyrighted movies set forth on Exhibit B. |
|---|---|
| ¶ 5 | Plaintiff used proven IP address geolocation technology which has consistently worked in similar cases to ensure that the Defendant's acts of copyright **infringement occurred using an Internet Protocol address ("IP address") traced to a physical address located within this District**, and therefore this Court has personal jurisdiction over the Defendant because (i) Defendant committed the tortious conduct alleged in this Complaint in this State… |
| ¶ 17 | Plaintiffs investigator, IPP International UG, established a direct TCP/JP connection with the **Defendant's IP address** as set forth on Exhibit A. |
| ¶ 19 | Defendant downloaded, copied, and distributed a complete copy of Plaintiff's movies without authorization as enumerated on Exhibit A. |
| ¶ 22 | **IPP International UG connected, over a course of time, with Defendant's IP address** for each hash value as listed on Exhibit A. The most recent TCP/IP connection between IPP and the **Defendant's IP address** for each file hash value listed on Exhibit A is included within the column labeled Hit Date UTC. |
| ¶ 24 | IPP's software also logged **Defendant's IP address** being used to distribute third party files through BitTorrent. This evidence indicates that Defendant engaged in BitTorrent transactions associated with 262 files between 08/30/2012 and 05/29/2014. Collectively, this evidence is referred as the "Additional Evidence". |
| ¶ 32 | **By using BitTorrent, Defendant copied and distributed** the constituent elements of each of the original works covered by the Copyrights-in-Suit. |

Plaintiff's theory is that since Defendant is the account holder of the internet access associated with the IP Address that was allegedly used to illegally download and/or distribute the movies in question he violated the Copyright Act. Paragraph 19 and 32, which are the only statements alleging that Defendant himself is the infringer, are exactly what the Supreme Court in Iqbal, supra, referred to as a

11

"legal conclusion couched as factual allegation," which courts "are not bound to accept as true" when addressing a Rule 12(b)(6) motion. Iqbal, supra at 678. The Amended Complaint, taken as a whole, only permits the Court to conclude that Plaintiff believes that IP Address 24.11.171.186 was associated with copyright infringement. From there Plaintiff apparently wants the Court to make the giant leap of concluding that it was Defendant who actually downloaded and distributed Plaintiff's movies. Plaintiff's unfounded and conclusory "the defendant unlawfully harmed me accusation" notwithstanding, the Complaint only contains "naked assertions" − e.g. ¶ 2: "Defendant is a persistent online infringer of Plaintiff's copyrights" or ¶ 19:  "Defendant downloaded, copied, and distributed a complete copy of Plaintiff's movies without authorization"− that are "devoid of [the] further factual enhancement" necessary to survive a Rule 12(b)(6) motion. Iqbal, supra at p. 678-79.

In short, Plaintiff makes conclusory statements without the necessary factual enhancement. Id. Not only is such pleading indicative of non-compliance with Rule 11, it also falls well short of the Rule 8(a) pleading standard. As is the case here, where the facts of the Complaint "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not "show[n]"--"that the pleader is entitled to relief." See Iqbal, supra at 679 (citing

12

Rule 8(a)). For these reasons, Plaintiff's Amended Complaint should be dismissed with prejudice.

Several courts addressing similar suits throughout the country have noted that simply identifying the owner of the account associated with an IP address sheds very little light into who actually completed the download in question. Judge Robert S. Lasnik of the United District Court for the Western District of Washington granted the Defendant's Rule 12(b)(6) motion in a case involving an almost identical scenario. In that case, entitled *El-Man, LLC v. Eric Cariveau, et al.* (Case No. 13-CV-00507-RSL), Elf-Man, LLC sued Defendant Eric Cariveau for allegedly stealing and distributing one of Plaintiff's movies thorough use of a BitTorrent software program. In its complaint Plaintiff alleged "direct" copyright infringement, identical to the claim against Defendant Michael Braun. Judge Lasnik dismissed the claim for failure to state a claim explaining as follows[4]:

> While it is possible that the subscriber [Plaintiff] is the one who participated in the BitTorrent swarm, **it is also possible that a family member, guest, or freeloader engaged in the infringing conduct. The First Amended Complaint, read as a whole, suggests that plaintiff has no idea who downloaded "Elf-Man" using a particular IP address.** Plaintiff has not alleged that a named defendant has the BitTorrent "client" application on her computer, that the download or distribution is in some way linked to the individual subscriber (as opposed to her account), that the defendant has acknowledged personal involvement in the download and distribution, or even circumstances which might increase the

---

[4] Copies of all unpublished cases cited herein are attached to Defendants' Request for Judicial Notice, submitted concurrently herewith.

likelihood that the subscriber is the infringer (such as defendant's living arrangements or network details).

Rather than provide specific facts tying the named defendant to the infringing conduct, plaintiff merely alleges that her IP address "was observed infringing Plaintiff's motion picture" and guesses how that might have come about. **While it is possible that one or more of the named defendants was personally involved in the download, it is also possible that they simply failed to secure their connection against third-party interlopers**. Plaintiff has failed to adequately allege a claim for direct copyright infringement.

(Exhibit E- Order on Motion to Dismiss). Similar concerns were raised by Judge

Barry Moskowitz in *AF Holdings LLC v. Chris Rogers* Case No. 12-cv-1519

BTM(BLM) out of the District Court for the Southern District of California. In that

case, the Plaintiff also alleged direct copyright infringement against Defendant for

allegedly downloading, reproducing, and distributing copies of Plaintiff's video

through BitTorrent software. Plaintiff's claim centered on Defendant being the

account holder of the IP Address associated with the downloading of the video.

Judge Moskowitz had the following concerns: "However, the Court is concerned

about the lack of facts [in the complaint] establishing that Defendant was using that

IP address at that particular time. Indeed, the [complaint] does not explain what

link, if any, there is between Defendant and the IP address. It is possible that

Plaintiff sued Defendant because he is the subscriber to IP address 68.8.137.53."

and that "[J]ust because an IP address is registered to an individual does not mean

that he or she is guilty of infringement when that IP address is used to commit

infringing activity." (Exhibit F, Opinion and Order). Judge Moskowitz also agreed that "it is no more likely that the subscriber to an IP address carried out a particular computer function . . . than to say an individual who pays the telephone bill made a specific telephone call." Id. Judge Moskowitz referenced the following passage from Judge Brown's Report and Recommendation in *In re Bittorrent Adult Film Copyright Infringement Cases* (Exhibit D) which explains that increasing popularity of wireless routers makes it even more doubtful that the "identity of the subscriber to an IP address correlates to the identity of the infringer who used the address":

> While a decade ago, home wireless networks were nearly non-existent, 61% of U.S. homes now have wireless access. Several of the ISPs at issue in this case provide a complimentary wireless router as part of Internet service. As a result, a single IP address usually supports multiple computer devices—which unlike traditional telephones can be operated simultaneously by different individuals. See U.S. v. Latham, 2007 WL 4563459, at *4 (D.Nev. Dec.18, 2007). Different family members, or even visitors, could have performed the alleged downloads. Unless the wireless router has been appropriately secured (and in some cases, even if it has been secured), neighbors or passersby could access the Internet using the IP address assigned to a particular subscriber and download the plaintiff's film.

(Exhibit D) (Exhibit F). The consequences of Plaintiff's litigation strategy are obvious: a complaint, such as the present, containing bare allegations and conclusory legal statements may be filed against an innocent subscriber who then is effectively coerced into an unjust settlement that he only accepts to avoid the

cost of defense and the embarrassment that attaches to an accusation of illegally downloading pornographic films. As Judge Moskowitz noted, courts have provided protections to defendants in this type of case "to ensure that that potentially innocent subscribers are not needlessly humiliated and coerced into unfair settlements" Exhibit F, citing *Discount Video Center, Inc., v. Does 1-29*, 285 F.R.D. 161, 166 (D. Mass. Aug. 10, 2012) ("Moreover, the improper assertion in the Notice [attached to subpoenas] that subscribers are Defendants is significant in that it might well cause innocent subscribers . . . **to accede to unreasonable settlement demands**.") (emphasis added) and *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 242 (S.D.N.Y. 2012) (issuing a protective order with respect to discovery regarding subscriber information because the "risk of false positives" gives rise to the potential that unjust settlements will be coerced from innocent defendants who want to avoid having their names publicly associated with films with suggestive titles).

Based on the foregoing, Defendant respectfully requests that this court dismiss Plaintiff's Amended Complaint.

### D.   Dismissal With Prejudice is Warranted

As discussed above, Plaintiff's First Amended Complaint should be dismissed because it fails to state a claim on which relief may be granted. Furthermore, such dismissal should be with prejudice, because Plaintiff's earlier

statements prevent it from now ethically alleging any set of facts that would cure its defective complaint, thereby making leave to amend futile.

In its earlier Motion for Leave to Serve a Third Party Subpoena (Doc. #3) Plaintiff represented to the Court that it "seeks leave to serve limited, immediate discovery on the John Doe Defendant's Internet Service Provider, Comcast Cable (hereafter "ISP") so that Plaintiff may learn Defendant's true identity." (Doc. #3 at p. 3). According to Plaintiff, Comcast Cable could use the IP Address to identify the Defendant. Plaintiff also represented that "Other than receiving the information from the Defendant's ISP, there is no way to obtain Defendant's true identity," thus a subpoena is required. (Doc. # 3) at 7.) Now, Plaintiff has obtained the requested information, has amended its complaint, and still cannot allege facts sufficient to state a claim for relief. There is no reason to believe that Plaintiff is sitting on facts that would state a claim for relief, yet failed to allege such facts. There is no reason to believe that Plaintiff has an evidentiary basis to allege the type of facts—e.g., Defendants' specific acts of infringement—necessary to state a claim. Thus, there is no benefit to granting Plaintiff leave to amend, and Court should dismiss Plaintiff's Amended Complaint with prejudice.

## III.   CONCLUSION AND REQUEST FOR RELIEF

As outlined above, to survive the instant motion, Plaintiff's Amended Complaint must set forth sufficient factual allegations—in contrast to naked

assertions or legal conclusions—that bring the claim from the realm of mere possibility to plausibility. Setting forth allegations that are "merely consistent with" a valid claim for relief does not satisfy the Rule 8(a) standard. Iqbal, supra at 678-79. Since Plaintiff has failed to meet this burden, it has failed to state a claim upon which relief may be granted. Therefore, this Honorable Court should grant Defendant's Motion and Dismiss the Amended Complaint with prejudice.

Respectfully submitted,

HOOPER, HATHAWAY, PRICE,
 BEUCHE & WALLACE

Dated: January 27, 2015          BY:   /s/Oscar A. Rodriguez
                                       Bruce T. Wallace (P24148)
                                       Oscar A. Rodriguez (P73413)
                                       Attorneys for Defendant
                                       126 South Main Street
                                       Ann Arbor, MI  48104
                                       (734) 662-4426
                                       orod@hooperhathaway.com\

18

## CERTIFICATE OF SERVICE

I hereby certify that on January 27, 2015 I electronically filed the foregoing Motion to Dismiss with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Paul J. Nicoletti
Nicoletti Law, PLC
33717 Woodward Avenue
Suite 433
Birmingham, MI  48009
pauljnicoletti@gmail.com

Respectfully submitted,

HOOPER, HATHAWAY, PRICE,
 BEUCHE & WALLACE

Dated:  January 27, 2015          BY:   /s/Oscar A. Rodriguez
                                        Bruce T. Wallace (P24148)
                                        Oscar A. Rodriguez (P73413)
                                        Attorneys for Defendant
                                        126 South Main Street
                                        Ann Arbor, MI  48104
                                        (734) 662-4426
                                        orod@hooperhathaway.com

19