**ELECTRONIC FRONTIER FOUNDATION**
DEFENDING YOUR RIGHTS IN THE DIGITAL WORLD

SEARCH

JULY 16, 2013 | BY MITCH STOLTZ

# EFF Calls For Court Sanctions For Copyright Troll's Public Humiliation Tactic

EFF fought back against a particularly nasty copyright troll tactic this week. Lawyers representing the adult film producer Malibu Media, LLC file long lists of movie titles on the public record, accusing an Internet subscriber of copying those movies illegally. Among the titles on that list are many adult films with very embarrassing titles. The lawyers then send a copy of the court filing to the subscriber along with a demand for money. The threat is obvious – either pay up, point a finger at a friend or family member, or be named in a public lawsuit as a habitual user of hard-core porn. Faced with these threats, many people pay thousands to the lawyers to make the threat go away – whether they were responsible for illegal downloading or not. But more and more judges are catching on to copyright trolls' abuses of the justice system.

Malibu Media, which runs the site "x-art," files civil complaints in courts around the country. Each complaint accuses an anonymous Internet user of illegally downloading and sharing one or more of Malibu's movies. But the complaint goes further: Malibu attaches a list of other movies and files that Malibu accuses the user of copying illegally. Some of them have titles that are far more lewd and embarrassing than the titles of Malibu's own movies. But Malibu doesn't own the copyright in those other movies, and can't actually sue over them. There's no legitimate reason to attach that list of other titles to a complaint, because complaints in federal court are not the place for laying out evidence. They're just to initiate a case and let the other side know what the case is about. But adding some really embarrassing titles to a complaint and filing it on a public court docket ups the embarrassment factor and discourages innocent people from standing up for themselves in court. (It's not clear what those extra titles would add to a court case, anyway – most judges would bar them from being read to a jury.)

Magistrate Judge Stephen L. Crocker didn't like this tactic. He froze eleven of Malibu's cases in western Wisconsin, and ordered Malibu's lawyer to explain why she shouldn't be sanctioned for violating court rules. Filing paperwork with the Court with no purpose except to harass or embarrass an opponent is a big no-no. Judge Crocker wondered why Malibu would file a list of movies with embarrassing titles that Malibu doesn't own and can't sue over.

Malibu's attorney responded with a 37-page defense, insisting that Malibu's motives are pure and that it had legitimate reasons for filing the list of titles. EFF, along with Chicago attorney Erin Russell, stepped in with a friend-of-the-court brief to give the court another perspective. EFF argued that there's no legitimate reason to plaster the public record with lists of lewd but irrelevant movie titles. In fact, EFF told the court, there's no real reason to file those titles except to up the embarrassment factor and intimidate defendants into not fighting back – even if they didn't download anything.

Copyright trolls use the power of the courts to gather the names of Internet subscribers and threaten them into paying up. But more and more judges are casting a critical eye on these tactics. Courts have largely put an end to the trolls' practice of suing dozens or hundreds of John Doe defendants in a single lawsuit, at least in the federal courts. And a federal judge's

**Donate to EFF**

**Stay in Touch**

Email Address

Postal Code (optional)

**SIGN UP NOW**

**NSA Spying**



eff.org/nsa-spying

EFF is leading the fight against the NSA's illegal mass surveillance program. Learn more about what the program is, how it works, and what you can do.

**Follow EFF**

Come see EFF's @cooperq talk about online privacy and our wishlist for 2015 at @Mozilla privacy lab tomorrow.
https://eff.org/r.vuhi
JAN 27 @ 1:51PM

Hey folks: We're taking eff.org offline briefly to patch against the GHOST vulnerability. Don't worry, we'll be right back.
JAN 27 @ 1:37PM

The FCC is on course to approve new regulations that would make cell phone location tracking even more precise https://eff.org/r.rbof
JAN 27 @ 12:59PM

Twitter   Facebook   Identi.ca

**Projects**

Bloggers' Rights

sanctions against the notorious Prenda Law outfit – including a referral to federal prosecutors for fraud on the court and possible tax evasion – were a wake-up call to lawyers and copyright owners.

Still, the bullying tactics continue. Even without the public embarrassment factor, copyright law gives trolls a big club to wield – copyright holders can get damages of up to $150,000 per infringement without even having to prove they were harmed. Until the law is fixed, there will always be those who will misuse it to make some quick cash. But we're glad that Magistrate Judge Crocker and other judges are casting a critical eye on improper threats of public humiliation as a way to earn cash from copyrights, and we hope this tactic, too, is shut down for good.

Copyright Trolls

## MORE DEEPLINKS POSTS LIKE THIS

SEPTEMBER 2013
Judge Fines Copyright Troll Lawyer for Harassing Tactic Used Nationwide

APRIL 2012
Trouble in Trolltown

APRIL 2013
EFF Moves to Quash Subpoena in Copyright Troll's Retaliatory Lawsuit

SEPTEMBER 2012
Copyright Trolls' Bogus "Negligence" Theory Thrown Out Of Court Again

MAY 2012
Hollywood's Trolls

## RECENT DEEPLINKS POSTS

JAN 27, 2015
Dear FCC: Enhanced 911 Location Services Could Endanger American's Privacy

JAN 27, 2015
Got an Outrageous Public Records Story? Send Your Nominations for "The Foilies"

JAN 27, 2015
Digital Rights Groups to Senator Ron Wyden: We're Counting on You to Oppose Fast Track for the TPP

JAN 26, 2015
EFF's Game Plan for Ending Global Mass Surveillance

JAN 26, 2015
In Response to EFF Lawsuit, Government Ordered to Release Secret Surveillance Court Documents Today

Coders' Rights

Follow EFF

Free Speech Weak Links

Global Chokepoints

HTTPS Everywhere

Medical Privacy Project

Open Wireless Movement

Patent Busting

Student Activism

Surveillance Self-Defense

Takedown Hall of Shame

Teaching Copyright

Transparency Project

Trolling Effects

Ways To Help

## DEEPLINKS TOPICS

| | | |
|---|---|---|
| Abortion Reporting | File Sharing | Policy Analysis |
| Analog Hole | Fixing Copyright? The 2013-2014 Copyright Review Process | Printers |
| Anonymity | | Privacy |
| Anti-Counterfeiting Trade Agreement | Free Speech | Public Health Reporting and Hospital Discharge Data |
| | FTAA | |
| Biometrics | Genetic Information Privacy | Reading Accessibility |
| Bloggers' Rights | Hollywood v. DVD | Real ID |
| Broadcast Flag | How Patents Hinder Innovation (Graphic) | RFID |
| Broadcasting Treaty | | Search Engines |
| CALEA | Innovation | Search Incident to Arrest |
| Cell Tracking | International | Section 230 of the Communications Decency Act |
| Coders' Rights Project | International Privacy Standards | |
| Computer Fraud And Abuse Act Reform | Internet Governance Forum | Security |
| | Know Your Rights | Social Networks |
| Content Blocking | Law Enforcement Access | SOPA/PIPA: Internet Blacklist Legislation |
| Copyright Trolls | Legislative Solutions for Patent Reform | |
| Council of Europe | | State-Sponsored Malware |
| Cyber Security Legislation | Locational Privacy | Student and Community Organizing |
| CyberSLAPP | Mandatory Data Retention | |
| Defend Your Right to Repair! | Mandatory National IDs and Biometric Databases | Surveillance and Human Rights |
| | | Surveillance Drones |

Defending Digital Voices

Development Agenda

Digital Books

Digital Radio

Digital Video

DMCA

DMCA Rulemaking

Do Not Track

DRM

E-Voting Rights

EFF Europe

Encrypting the Web

Export Controls

Fair Use and Intellectual Property: Defending the Balance

FAQs for Lodsys Targets

Mass Surveillance Technologies

Medical Privacy

National Security and Medical Information

National Security Letters

Net Neutrality

No Downtime for Free Speech

NSA Spying

OECD

Online Behavioral Tracking

Open Access

Open Wireless

Patent Busting Project

Patent Trolls

Patents

PATRIOT Act

Pen Trap

Terms Of (Ab)Use

Test Your ISP

The "Six Strikes" Copyright Surveillance Machine

The Global Network Initiative

The Law and Medical Privacy

Trans-Pacific Partnership Agreement

Transparency

Travel Screening

TRIPS

Trusted Computing

Uncategorized

Video Games

Wikileaks

WIPO



Thanks | RSS Feeds | Copyright Policy | Privacy Policy | Contact EFF

# Fight Copyright Trolls

**Let's demote copyright troll species' status first to endangered, then to extinct**
stay updated via rss

# New York judge blasts trolls' practices, recommends banning mass bittorent lawsuits in the district

Posted: May 2, 2012 by **Raul** in **Lipscomb**, **XArt**
Tags: **11-cv-3995**, **12-cv1147**, **12-cv1150**, **12-cv1154**, **Aaron Kotzker**, **Copyright Troll**, **K-Beech**, **Malibu Media**, **Mass Bittorrent Lawsuit**, **New York**, **p2p lawsuit**, **XArt**

79

i
13 Votes

*By Raul and SJD*

Yesterday Magistrate Judge Gary R. Brown (http://www.nyed.uscourts.gov/General_Information/Court_Phone_Book/Magistrate-Judges/GRB/grb.html) submitted an Order & Report & Recommendation (ORR) in the United States District Court for the Eastern District of New York involving four lawsuits, all of them related to the *"blizzard of civil actions brought by purveyors of pornographic films alleging copyright infringement by individuals utilizing a computer protocol known as BitTorrent."* A lawsuit on behalf of a pornographer K-Beech had been brought by Frederic Abramson (http://fightcopyrighttrolls.com/2011/12/18/frederic-abramson-respected-lawyer-or-just-another-copyright-troll/), and Aaron Kotzker (http://dietrolldie.com/2012/04/05/troll-jason-kotkzer-busy-filing-10-colorado-cases-for-malibu-media-and-patrick-collins/) had filed the other three lawsuits on behalf of Malibu Media. The judge decides to recommend that K-Beech's third part subpoenas be quashed, severs all Does from the remaining lawsuits with the exception of Doe 1 and prohibits the troll from obtaining Doe 1's telephone number and email address. In arriving at this conclusion the judge makes the following factual determinations:

> The factual defenses presented are vastly different and highly individualized. One movant — John Doe #16 — has stated that he was at work at the time of the alleged download. John Doe #2 states under oath that he closed the subject Earthlink account, which had been compromised by a hacker, before the alleged download. K-Beech, Decl. of John Doe #2, ¶5, DE [34-1]. John Doe #29's counsel represents that his client is an octogenarian with neither the wherewithal nor the interest in using BitTorrent to download Gang Bang Virgins. DE [13]. John Doe #10 represents that downloading a copy of this film is contrary to her "religious, moral, ethical and personal views." Mtn ¶5, DE [7]. Equally important, she notes that her wireless router was not secured and she lives near a municipal parking lot, thus providing access to countless neighbors and passersby.
>
> […]
>
> [I]t is no more likely that the subscriber to an IP address carried out a particular computer function — here the purported illegal downloading of a single pornographic film — than to say an individual who pays the telephone bill made a specific telephone call.

The judge even points to troll Meier's admission that there is a 30% rate of false positives in these lawsuits.

> [M]ost, if not all, of the IP addresses will actually reflect a wireless router or other networking device, meaning that while the ISPs will provide the name of its subscriber, the alleged infringer could be the subscriber, a member of his or her family, an employee, invitee, neighbor or interloper.

Next the judge takes exception with the trolls' *"improper litigation tactics"* citing this statement from a sworn Doe statement as but one example:

> > Upon receipt of the Complaint, I reached out to Plaintiff and spoke to a self-described "Negotiator" in an effort to see if I could prove to them (without the need for publicly tying my name to the Complaint) that I had nothing to do with the alleged copyright infringements. **The Negotiator was offered unfettered access to my computer, my employment records, and any other discovery they may need to show that I was not the culpable party.** Instead, the Negotiator refused and was only willing to settle the Complaint for thousands of dollars. While the Negotiator said on October 24, 2011 that he would check to see if he could come down from the thousands of dollar settlement amount, the Negotiator has not responded to two voice mails that were left on October 25, 2011. Notably, the Negotiator justified the settlement amount because, in part, I would incur legal fees in hiring an attorney.

He also quotes Judge Gibney (http://fightcopyrighttrolls.com/2011/10/06/judge%e2%80%99s-opinion-mass-p2p-lawsuits-are-frivolous/), who found that the usual troll lawsuit is nothing more than a shakedown racket.

Having made these factual findings, Judge Brown next makes the following determinations of law:

1. K-Beech does not have a valid copyright registration, and its trademark infringement claim is idiotic (actually the judge decides that it fails to state a claim). Likewise the possible negligence claim is disposed of in footnote 1 as nonsense.
2. That the trolls do not need the telephone numbers and email addresses of the Does to proceed with their lawsuits (they are only needed to further abusive settlement strategies).
3. That the Does have an expectation of privacy in their internet activities.
4. That the *"most persuasive argument against permitting plaintiffs to proceed with early discovery arises from the clear indicia, both in this case and in related matters, that plaintiffs have employed abusive litigations tactics to extract settlements from John Doe defendants. Indeed, this may be the principal purpose of these actions, and these tactics distinguish these plaintiffs from other copyright holders with whom they repeatedly compare themselves."* Further *"[t]he Federal Rules direct the Court to deny discovery "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). This situation cries out for such relief"*
5. Permissive joinder is inappropriate for a host of reasons including that swarm joinder complicates the lawsuit and results in a waste of judicial resources.
6. That *"[i]n the four cases before this Court, plaintiffs have improperly avoided more than $25,000 in filing fees by employing its swarm joinder theory. Considering all the cases filed by just these three plaintiffs in this district, more than $100,000 in filing fees have been evaded. If the reported estimates that hundreds of thousands of such defendants have been sued nationwide, plaintiffs in similar actions may be evading millions of dollars in filing fees annually. Nationwide, these plaintiffs have availed themselves of the resources of the court system on a scale rarely seen. It seems improper that they should profit without paying statutorily required fees."*

Even the footnotes in the ORR are a delight to read. An example is footnote 7 which reads:

> Plaintiff K-Beech's rambling motion papers often lapse into the farcical. In its papers, counsel for K-Beech equate its difficulties with alleged piracy of its adult films with those faced by the producers of the Harry Potter books, Beatles songs and Microsoft software, and compare its efforts to collect from alleged infringers of its rights to the efforts of the FBI to combat child pornography. Mem. in Opp. at 4, 10, DE [22]. In an ironic turn, the purveyors of such works as Gang Bang Virgins, explain how its efforts in this matter will help empower parents to prevent minors from watching "movies that are not age appropriate" by ensuring that viewers must pay for plaintiffs products, and thereby effectively notify parents of such activity because "many parents would surely notice if they showed up on billing statements." Id. at 7-8. It is difficult to accord the plaintiff, which features "Teen" pornography on its website, the moral high-ground in this regard.

No doubt this is another super-milestone (the previous excellent ruling came from California (http://fightcopyrighttrolls.com/2012/04/06/the-court-is-not-willing-to-assist-a-troll-in-extrajudicial-business-says-the-judge/) a month ago), another nail in the coffin of the legal plague of copyright trolling. The order lists all the injustices and sleazy practices employed by the trolls. I have a feeling that we are not far away from hearing judges call trolls' practices by their actual names: **extortion, blackmail, and racket** and recommend Attorneys General to investigate the scammers. This order means that trolls are not welcome in the Eastern district of New York anymore, but of course it will impact court decisions country-wide, and I foresee that more and more districts will follow EDNY's steps pretty soon.

Judge Brown concludes his excellent analysis (emphasis is mine):

> For all of the reasons set forth herein, it is respectfully recommended as follows:
>
> 1. That the complaints in Malibu 26, Malibu 11 and Patrick Collins be dismissed, sua sponte and without prejudice, as to all defendants other than the individual designated as John Doe 1 in each action;
>
> 2. That the complaint in K-Beech be dismissed, sua sponte and without prejudice, in its entirety; and
>
> 3. That plaintiffs and their counsel in all four actions be directed that **any future actions of a similar nature in this district be filed as separate actions as against each John Doe defendant, so as to avoid unfair outcomes, improper joinder and waste of judicial resources, and to ensure the proper payment of filing fees.** See, e.g., DIRECTV, Inc. v. Armellino, 216 F.R.D. 240, 241 (E.D.N.Y. 2003) (Spatt, J.) ("plaintiff is advised that all future claims of this nature must be instituted separately against individual defendants"), (citing CSC Holdings Inc. v. Tack, CV 00–3555 (E.D.N.Y. June 16, 2000) (Seybert, J.)).

quash are granted because the work in that

Furthermore, it is respectfully recon

[1] *See Patrick Collins, Inc. v. Does 1-7*, CV 11-1270
*Does 1-29*, CV 11-3331 (JFB) (ETB); *K-Beech, Inc
1-52*, CV 11-3994 (JFB) (ETB); *Patrick Collins, In
Media, LLC v. Does 1-10*, CV 12-1146 (JS) (ETB);
*Malibu Media, LLC v. Does 1-30*, CV 12-1149 (LD

SHOW ME MORE LIKE K-BEECH - ORDER &AMP; REPORT &AMP; RECOMMENDATION (ORDERED 5-1-12)
SIMILAR TO K-BEECH - ORDER &AMP; REPORT &AMP; RECOMMENDATION (ORDERED 5-1-12)
BACK TO DOC
More from J Doe
Previous | Next
RUPPER_001_xml-1
J Doe
Doc 110 Order on Attorneys&#x27; Fees_ 1-9-15
J Doe
Doc 100 Combined Decl of JCL &amp; Timesheets 11-21-14 (2)
J Doe
Patel 140
J Doe
gov.uscourts.gand.188990.135.0
J Doe
1 Class Action Complaint and Jury Demand
J Doe
1 1 Exhibits a to E to Class Action Complaint
J Doe

View this document on Scribd (http://www.scribd.com/doc/92100289)

I'm humbled by judge's fairness and ability to listen to the public: I wish more judges look outside the sophistry of courtrooms and rule based on the common sense and the spirit, not solely the letter, of the Law.

Interestingly, I have a strong suspicion that judge stumbled upon this blog: he mentions the Kevin Beechum involvement in criminal activity, which has not been widely publicized. I mentioned this fact in my post about Frederic Abramson (http://fightcopyrighttrolls.com/2011/12/18/frederic-abramson-respected-lawyer-or-just-another-copyright-troll/), one of the trolls being lashed by the judge.

## Media coverage

***Bold***: an article links back to this post (It's fine not to or link to or mention this site: spreading the news is by far more important. Nonetheless, it's always appreciated and makes us happy.)

- **ArsTechnica:** Furious judge decries "blizzard" of copyright troll lawsuits (http://arstechnica.com/tech-policy/news/2012/05/furious-judge-decries-blizzard-of-copyright-troll-lawsuits.ars) by Timothy B. Lee.
- **TorrentFreak:** Judge: An IP-Address Doesn't Identify a Person (or BitTorrent Pirate) (https://torrentfreak.com/judge-an-ip-address-doesnt-identify-a-person-120503/) by Ernesto
- **WebProNews:** New York Judge Slaps Down Piracy Lawsuit (http://www.webpronews.com/new-york-judge-slaps-down-piracy-lawsui-2012-05) by Shaylin Clark
- **BoingBoing:** Fed judge to copyright trolls: get bent (http://boingboing.net/2012/05/03/judges-hate-copyright-trolls-t.html) by Cory Doctorow (Initially posted short version: Rob Beschizza)
- **IDG Sweden:** Amerikansk domare sågar IP-nummer som "bevis" i fildelningsmål (http://blogg.idg.se/freedom/2012/05/03/amerikansk-domare-sagar-ip-nummer-som-bevis-i-fildelningsmal/) by Patrik Söderlund
- **Minyanville:** Judge Has Had Enough of Copyright Trolls (http://www.minyanville.com/dailyfeed/2012/05/03/judge-has-had-enough-of/) by Sara Churchville
- **Futurzone.at:** Urteil: IP-Adresse identifiziert keine Person (http://futurezone.at/digitallife/8904-urteil-ip-adresse-identifiziert-keine-person.php)
- **ZDNet:** Court slaps down the use of IP addresses in file-sharing cases (http://www.zdnet.com/blog/networking/court-slaps-down-the-use-of-ip-addresses-in-file-sharing-cases/2365) by Steven J. Vaughan-Nichols
- **PC World:** Judge Throws out Mass John Doe Porn Copyright Lawsuits (http://www.pcworld.com/businesscenter/article/255061/judge_throws_out_mass_john_doe_porn_copyright_lawsuits.html) by Grant Gross, IDG News
- **Techdirt:** Yet Another Judge Slams Copyright Trolls; Warns That Courts Should Not Be Used To 'Bludgeon' People Into Settling (http://www.techdirt.com/articles/20120502/12464018743/yet-another-judge-slams-copyright-trolls-warns-that-courts-should-not-be-used-to-bludgeon-people-into-settling.shtml) by Mike Masnick
- **DailyTech:** Another Judge Rules IP Addresses Can't be Used to Identify People (http://www.dailytech.com/article.aspx?newsid=24614) by Jason Mick
- **Daily Dot:** Judge Rules: You are not your computer (http://www.dailydot.com/news/ruling-ip-address-computers-people/) by Kevin Collier
- **Theche Buzz:** Judge Rules That an IP Address is Not Equivalent to a Person (http://techie-buzz.com/tech-news/judge-rules-bittorrent-ip-address-not-person.html) by Chinmoy Kanjilal
- **Gizmodo:** Judge Rules You Can't Be (Definitively) Identified by Your IP Address (http://gizmodo.com/5907290) by Kyle Wagner
- **Batabeat:** Blow for BitTorrent Lawsuits: New York Judge Rules an IP Address Is Not a Person (http://www.betabeat.com/2012/05/03/bittorrent-lawsuit-judge-gary-brown-ip-address-is-not-a-person-05032012/) by Nitasha Tiku
- **PC Magazine (Security Watch):** IP Address Not a Person, Judge Says in Copyright Lawsuit (http://securitywatch.pcmag.com/security/297475-ip-address-not-a-person-judge-says-in-copyright-lawsuit) by Fahmida Y. Rashid

- Mitch Stoltz of the EFF gives his take on Judge Gary Brown's ORR (http://www.youtube.com/watch?v=USbVKJuRpl8&feature=player_embedded)
- Time/Techland: You Are Not an IP Address, Rules Judge (http://techland.time.com/2012/05/07/you-are-not-an-ip-address-rules-judge/) by Keith Wagstaff
- C|NET: IP address doesn't ID individuals in piracy lawsuit, judge rules (http://news.cnet.com/8301-1023_3-57427671-93/ip-address-doesnt-id-individuals-in-piracy-lawsuit-judge-rules/) by Steven Musil
- Digital Trends: IP address not enough to identify online pirates, judge rules (http://www.digitaltrends.com/web/ip-address-not-enough-to-identify-online-pirates-judge-rules/) by Andrew Couts
- TechEye.net: IP addresses are not enough to spot pirates (http://news.techeye.net/security/ip-addresses-are-not-enough-to-spot-pirates) by Edward Berridge
- NDT Television: IP Address Is Not Identity, NY Judge Rules (http://english.ndtdtv.com/ntdtv_en/news_NorthAmerica/2012-05-03/IP-Address-Is-Not-Identity-NY-Judge-Rules.html) by Victor Chen
- ITPro Portal: Judge Rules IP Address Doesn't Identify A Pirate (http://www.itproportal.com/2012/05/04/judge-rules-ip-address-doesnt-identify-a-pirate/) by Jon Martindale
- The Verge: NY magistrate judge: IP addresses not an effective way to identify alleged pirates (http://www.theverge.com/2012/5/3/2997869/magistrate-judge-ip-addresses-not-effective-identify-pirates) by Bryan Bishop
- GeekOlogy: Can You Be Legally Identified By Your IP Address? (http://ology.com/post/75708/can-you-be-legally-identified-by-your-ip-address-) by Jonah Gardner
- TweakTown: The legal system works: Judge rules IP addresses are not enough to incriminate pirates (http://www.tweaktown.com/news/23936/the_legal_system_works_judge_rules_ip_addresses_are_not_enough_to_incriminate_pirates/index.html) by Trace Hagan
- Eric Goldman's blog: New York Judge *Slams* Bittorrent Copyright Plaintiffs – K-Beech; Malibu Media; and Patrick Collins v. Does (http://blog.ericgoldman.org/archives/2012/05/new_york_judge.htm) by Venkat Balasubramani

Also, don't miss this amazing video! (http://fightcopyrighttrolls.com/2012/05/04/adult-filmmakers-get-legal-smackdown/)

Comments

**Judge Throws out Mass John Doe Porn Copyright Lawsuits | Tux Doc** says:
May 6, 2012 at 11:59

0

0

i
Rate This

[…] film is tenuous, and one that has grown more so over time," Brown wrote in his ruling, first noted by the Fight Copyright Trolls blog. "An IP address provides only the location at which one of any number of computer devices may […]

**Reply**

 Raul says:
May 6, 2012 at 12:53

0

0

i
Rate This

From the post:

"K-Beech disagrees with the judge's decision, said Frederic Abramson, a lawyer for the studio. K-Beech will move forward with its lawsuit against John Doe No. 1, he said."

In the highly unlikely event they do move forward (it is a "Gang Bang Virgins" which now possesses a shaky copyright) , wanna bet that it will not be with Troll Abramson?

**Reply**

 Raul says:
May 9, 2012 at 13:50

0

0

i
Rate This

Troll Abramson is a liar, Doe 1 is dismissed http://www.rfcexpress.com/lawsuits/copyright-lawsuits/new-york-eastern-district-court/79821/k-beech-inc-v-john-does-1-37/summary/

LIVE: Windows 10 Consumer Preview release event: "The Next Chapter"

# LAW & DISORDER / CIVILIZATION & DISCONTENTS

## Porn troll Malibu Media sanctioned for trying to embarrass defendants

Malibu sued with exhibits of salacious porn titles that it didn't own.

Register | Log in



MAIN MENU | MY STORIES: 25 | FORUMS | SUBSCRIBE | JOBS



MaryMakesDinner / flickr

The business known colloquially as "porn trolling" involves filing large numbers of lawsuits against defendants alleged to have downloaded pornographic films via BitTorrent. Business for one aggressive porn troll, Prenda Law, has ground to a halt after a major sanctions order, referral to criminal investigators, and more possible sanctions coming up. Other heavy litigants, including Malibu Media, have continued to sue apace.

But now Malibu has stumbled as well, and the company has been slapped with its own sanctions order. Malibu's common practice of including a roster of salaciously named porn films with each complaint—not Malibu films but other unrelated material—has raised the ire of US District Judge William Conley, who is overseeing several Malibu cases in Wisconsin.

Conley writes that he believes the practice was meant to "harass and intimidate" defendants into early settlements. Defense lawyer Erin Russell, working together with the Electronic Frontier Foundation, wrote a brief in support of sanctions; Malibu's lawyer Mary Schulz, working with Malibu attorney Keith Lipscomb, penned a brief explaining why they shouldn't be sanctioned.

The issue was originally flagged by a US Magistrate Judge in the same district, Stephen Crocker. Then several cases were consolidated under Judge Conley, who also considered the briefings about Malibu's too-explicit exhibits. Yesterday, Conley published his order, sanctioning Malibu $200 per case for a total of $2,200.

### The problem with Exhibit C

LATEST FEATURE STORY



FEATURE STORY (2 PAGES)

**Ars' small taste of no-tech travel**

Ars makes a case for spontaneous adventure with neither screens nor smartphones.

WATCH ARS VIDEO

In each lawsuit, Malibu has been including "Exhibit C," which lists other, presumably copyrighted, material downloaded by the same IP address as the accused.

That often includes pornographic material, with names far more lewd than the relatively tame Malibu Media titles that are being sued over. Malibu titles mentioned in this order include "Red Satin," "Dreams Come True," and "Tuesday Morning." By contrast, Conley noted, the Exhibit C titles often include "Lada.Nice... Young.Girl," "Dirty... Stories 5," and "[Bestiality] Young Blond... Dog (www.sickporn.in)."

That attachment serves no purpose and is "calculated principally to harass defendants," wrote Conley. Malibu said it had good reasons for attaching the exhibit. First of all, looking at other material helped it confirm that the defendant really was the right person rather than a houseguest, neighbor, or hacker. But that doesn't explain why Malibu didn't either file under seal, redact the most salacious titles, or provide the information to the defendant privately.

Malibu also argues it shouldn't be sanctioned, because there's no evidence it intended to harass anyone. After all, the company has never opposed a defendant who wanted to proceed anonymously, proving that it is not trying to publicly expose people. But the statements are harassment whether Malibu thinks so or not, ruled Conley. "Malibu Media's denials do not pass the smell test, and any denial of improper motive by its counsel does not pass the laugh test," he wrote.

Even if it can't be shown that a Malibu lawyer "*subjectively* thought that he or she was engaging in harassment," the fact is there was no reason to submit these exhibits, and the act of using them can "substantially harass or embarrass the opposing party."

While his concern here is Exhibit C, Conley goes on to suggest that there are problems with the overall business model:

> These Internet copyright infringement cases already give off an air of extortion, albeit legitimate, since (at least as alleged) each "John Doe" defendant did violate plaintiff's copyrights. Counsel enforcing these rights for purveyors of pornographic films (even "classy" ones) by suing initially anonymous defendants must already be aware that these cases are fraught with circumstances that could embarrass the putative defendant should they become public and strongly influence his or her decision to settle even a meritless suit just to make the case go away before being publicly associated with their client's film.
>
> This should be enough. The court's subpoena power may not be leveraged further by counsel to force earlier, larger settlements through explicit references to the alleged misuse of even more outrageous or potentially embarrassing materials copyrighted by a non-client.

The order also lifts stays that were entered into each of Malibu's 11 cases in this district, so the lawsuits will continue. While a $2,200 fine won't hurt too much, there are additional repercussions to Rule 11 sanctions. Malibu's attorney of record in this case, Mary Schulz, will have to report the sanctions to other courts in which she is admitted to practice.

## Seeking leverage

"I've always had concerns about Exhibit C, even before they began filing it in court," said defense lawyer Erin Russell, who spoke with Ars this morning by telephone. "When they changed to suing single 'Does,' filing Exhibit C became part of the strategy. I don't think it's a coincidence—they needed some additional leverage."

Malibu was forced to abandon its mass-lawsuit strategy and start suing one defendant at a time after US District Judge Otis Wright insisted it must do so. "If Malibu desires to vindicate its copyright rights, it must do it the old-fashioned way and earn it," stated Wright in a 2012 order.

While it's true that Malibu doesn't oppose lawyered-up defendants who want to remain anonymous, Russell pointed out that Malibu does routinely amend lawsuits to include the names of accused downloaders who either don't hire lawyers or can't afford to. "If no lawyer steps up and no one says anything, they will surely amend the complaint and put someone's name on it," says Russell.

"Obviously we're really pleased," she added. "The Wisconsin ruling is dead on. Hopefully other courts where they are filing Exhibit C will take notice."

Schulz was not available to comment but said she would provide a written statement about the sanctions order. This story will be updated when it is provided.

READER COMMENTS  61

39   73   8

---

From CPU modeling to clean water, GE's China Technology Center tackles it all

Meet some of the people we talked to during our time in Shanghai.

STAY IN THE KNOW WITH

LATEST NEWS


**Microsoft's new interface: FREAKING HOLOGRAMS**

SEAHAWKS, WINDOWS FANS WIN?
**New Windows 10 preview comes to PC next week, to phones in February**


**Windows 10 includes in-home game streaming from Xbox One**


**Our first look at Windows 10 on phones, and Universal Apps for touchscreens**

NATECHAN.ORG
**4chan founder Chris "moot" Poole steps down**


**Microsoft unveils Project Spartan, the browser after Internet Explorer**


DETAILS
How Luxe Is Your Bedroom?



**Joe Mullin** / Joe Mullin has covered the intersection of law and technology — including the world's biggest copyright and patent battles — for a number of years, mostly at The American Lawyer.
**@joemullin on Twitter**

← OLDER STORY     |     NEWER STORY →

## YOU MAY ALSO LIKE ▴


**Porn site that spews copyright suits uses lie detectors on defendants**


**Supreme Court asks DOJ to weigh in on Google-Oracle API copyright flap**


**Pirated music infiltrating US prisons, record label says**


**Sponsored:** Booking Now, the First Truly Global App for Spontaneous Bookers


**DEA settles fake Facebook profile lawsuit without admitting wrongdoing,**


**Feds operated yet another secret metadata database until 2013**


**Class-action suit says Rightscorp makes illegal, harassing phone calls**


**Copyright holder's question: How much porn do you watch?**

### SITE LINKS
About Us
Advertise with us
Contact Us
Reprints

### SUBSCRIPTIONS
Subscribe to Ars

### MORE READING
RSS Feeds
Newsletters

### CONDE NAST SITES
Reddit
Wired
Vanity Fair
Style
Details

Visit our sister sites ▼
Subscribe to a magazine ▼

VIEW MOBILE SITE

© 2015 Condé Nast. All rights reserved
Use of this Site constitutes acceptance of our **User Agreement** (effective 1/2/14) and **Privacy Policy** (effective 1/2/14), and **Ars Technica Addendum (effective 5/17/2012)**
**Your California Privacy Rights**
The material on this site may not be reproduced, distributed, transmitted, cached or otherwise used, except with the prior written permission of Condé Nast.
Ad Choices