UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MALIBU MEDIA, LLC,

        Plaintiff,

vs.

MICHAEL BRAUN,

        Defendant.

_____/

Case No. 14-cv-12409
Hon. George Caram Steeh

Paul J. Nicoletti (P44419)
Attorney for Plaintiff
Nicoletti Law, PLC
33717 Woodward Avenue, Suite 433
Birmingham, MI  48009
(248) 203-7800

Bruce T. Wallace (P24148)
Oscar A. Rodriguez (P73413)
Attorneys for Defendant
Hooper, Hathaway, Price,
  Beuche & Wallace
126 South Main Street
Ann Arbor, MI  48104
(734) 662-4426

_____/

**MOTION FOR STAY OF DISCOVERY PENDING A RULING ON
DEFENDANT'S MOTION TO DISMISS**

    NOW COMES Defendant Michael Braun, by and through his attorneys,

Hooper, Hathaway, Price, Beuche & Wallace, and moves for an order temporarily

staying discovery in this case, as well as the parties' Fed. R. Civ. P 26 obligations, pending the Court's ruling on Defendant's Motion to Dismiss (Doc. # 16), filed on January 27, 2015.

Pursuant to E.D. Mich. L.R. 7.1, the undersigned communicated with counsel for Plaintiff by email to explain the nature and legal basis of the motion and to request concurrence in this motion. Plaintiff's counsel did not concur, thus necessitating the filing of this motion. The facts and argument which provide the basis for this motion are set forth more fully in the attached brief which is incorporated by reference herein.

Respectfully submitted,

HOOPER, HATHAWAY, PRICE,
  BEUCHE & WALLACE

Dated:  February 3, 2015          BY:   /s/Oscar A. Rodriguez
                                        Bruce T. Wallace (P24148)
                                        Oscar A. Rodriguez (P73413)
                                        Attorneys for Defendant
                                        126 South Main Street
                                        Ann Arbor, MI  48104
                                        (734) 662-4426
                                        orod@hooperhathaway.com

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MALIBU MEDIA, LLC,

       Plaintiff,

vs.

                                Case No. 14-cv-12409
                                Hon. George Caram Steeh

MICHAEL BRAUN,

       Defendant.

_____/

Paul J. Nicoletti (P44419)
Attorney for Plaintiff
Nicoletti Law, PLC
33717 Woodward Avenue, Suite 433
Birmingham, MI  48009
(248) 203-7800

Bruce T. Wallace (P24148)
Oscar A. Rodriguez (P73413)
Attorneys for Defendant
Hooper, Hathaway, Price,
 Beuche & Wallace
126 South Main Street
Ann Arbor, MI  48104
(734) 662-4426

_____/

## BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO STAY DISCOVERY

### I.    INTRODUCTION

    Plaintiff Malibu Media, LLC is a purveyor of adult films on the World Wide

Web. Its Amended Complaint against Defendant Michael Braun is one of thousands

of cookie-cutter lawsuits alleging copyright infringement through the illegal downloading and distribution of its movies. Plaintiff claims that IP Address 24.11.171.186 has been associated with the illegal downloading and distribution of movies it owns. According to Plaintiff, since Michael Braun is the <u>holder</u> of the Comcast Cable account that provided said IP address, he downloaded the movies in question and therefore <u>directly</u> infringed Plaintiff's copyrighted movies in violation of the Copyright Act. Plaintiff makes this conclusion without advancing any facts beyond the allegation that the IP Address at issue is registered to Defendant.

Plaintiff filed a discovery request containing extensive interrogatories and document requests on December 24, 2014. (<u>Exhibit A</u>). Defendant filed an objection to those requests on January 23, 2015 (Doc. #15). Defendant then filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on January 27, 2015. (Doc. #16). Defendant believes that he is likely to prevail on such a motion because Plaintiff's claim fails as a matter of law. Plaintiff's claim is based on the theory that since Defendant is the account holder of the internet access associated with the IP Address that was allegedly used to illegally download and/or distribute the movies in question he violated the Copyright Act. The Amended Complaint, however, only provides conclusory statements that need not be accepted by the court for purpose of adjudicating a motion to dismiss for failure to state a claim upon which relief may be granted.

4

Defendant now seeks an order from this Honorable Court staying discovery in this lawsuit in order to avoid unnecessary discovery disputes and burdens that will likely prove unnecessary upon the determination of the Motion to Dismiss. To avoid a waste of the parties' and the Court's time and resources, the Court should exercise its discretion and stay discovery and the parties' obligations under Fed. R. Civ. P. 26 pending its ruling on Defendant's Motion to Dismiss.

## II.   ARGUMENT

It is well settled that a trial court may, for good cause and within its discretion, exercise its powers under Fed. R. Civ. P. 26(c) to stay discovery pending the outcome of dispositive motions. See Williams v. Scottrade, Inc., 2006 U.S. Dist. LEXIS 44438, *4 (E.D. Mich. June 19, 2006). (Exhibit B). This Court has "broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." Hahn v. Star Bank, 190 F.3d 708, 719 (6th Cir. 1999). The issuance of a discovery stay is "appropriate where claims may be dismissed 'based on legal determinations that could not have been altered by any further discovery.'" Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund, 349 F.3d 300, 304 (6th Cir. 2003) (quoting Muzquiz v. W.A. Foote Mem'l Hosp., Inc., 70 F.3d 422, 430 (6th Cir. 1995)). "When a stay, rather than a prohibition, of discovery is sought, the burden upon the party requesting the stay is less than if he were requesting a total freedom from discovery." Wagner v. Mastiffs, 2009 U.S.

Dist. LEXIS 123126, *5 (S.D. Ohio Dec. 22, 2009) (citing <u>Marrese v. Am. Acad. of Orthopedic Surgeons</u>, 706 F.2d 1488, 1493 (7th Cir. 1983)) (<u>Exhibit C</u>). The Federal Rules of Civil Procedure vest courts with broad discretion to "tailor discovery narrowly and to dictate the sequence of discovery." <u>Crawford-El v. Britton</u>, 523 U.S. 574, 598 (1998).

Although a stay of discovery is not automatic upon the filing of a motion to dismiss, such a stay is appropriate where, as here, discovery may be "especially burdensome and costly to the parties," <u>DSM Desotech Inc. v. 3d Sys. Corp.</u>, 2008 U.S. Dist. LEXIS 87473, *4 (N.D. Ill. Oct. 28, 2008) (<u>Exhibit D</u>), and is an "eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." <u>Coastal States Gas Corp. v. Department of Energy</u>, 84 F.R.D. 278, 282 (D. Del. 1979) (citations omitted); See also <u>Beck v. Dobrowski</u>, 559 F.3d 680, 682 (7th Cir. 2009) (citing the Supreme Court's decision in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007) for the proposition that "a defendant should not be burdened with the heavy costs of pretrial discovery that are likely to be incurred in complex litigation unless the complaint indicates that the plaintiff's case is a substantial one.").

6

## A. Defendant's Motion To Dismiss, If Granted, Will Dispose Of The Entire Complaint Without The Need For Any Discovery

The discovery sought by Plaintiff "will not aide the Court in its determination of [Defendant's] Motion to Dismiss," and "dismissal of the Complaint would render the discovery request moot." Klein Steel Servs. Inc. v. Sirius Prot., LLC, 2014 U.S. Dist. LEXIS 30259, at *2-3 (E.D. Mich. Mar. 10, 2014) (Exhibit E). Accordingly, a stay of discovery pending resolution of Defendant's motion to dismiss is appropriate. Id.; Romar Sales Corp. v. Seddon, 2013 U.S. Dist. Lexis 4485, at *2-3 (W.D. Mich. Jan. 11, 2013) (Exhibit F).

Plaintiff's theory of infringement is that since Defendant is the account holder of the internet access associated with the IP Address that was allegedly used to illegally download and/or distribute the movies in question he violated the Copyright Act. Plaintiff's Amended Complaint (Doc. #6), which includes only two paragraphs (¶ 19 and ¶32) containing statements alleging that Defendant himself is the infringer, is insufficient to satisfy Fed. R. Civ. P 8(a) and the Supreme Court's minimal pleading standard as outlined in Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009). These two unfounded statements are exactly what the Supreme Court in Iqbal, supra, referred to as a "legal conclusion couched as factual allegation," which courts "are not bound to accept as true" when addressing a Rule 12(b)(6) motion. Iqbal, supra at 678. As laid out in the Motion to

7

Dismiss, the Amended Complaint, taken as a whole, only permits the Court to conclude that Plaintiff believes that IP Address 24.11.171.186 *was associated* with copyright infringement. From there for Plaintiff's theory to hold the Court must make the giant leap of concluding that it was Defendant who actually downloaded and distributed Plaintiff's movies. Since the Amended Complaint only contains "naked assertions" − e.g. ¶ 2: "Defendant is a persistent online infringer of Plaintiff's copyrights" or ¶ 19: "Defendant downloaded, copied, and distributed a complete copy of Plaintiff's movies without authorization"− that are "devoid of further factual enhancement" it cannot survive a Rule 12(b)(6) motion and therefore must be dismissed. See Iqbal, supra at p. 678-79

Because Defendant has offered substantial arguments supporting dismissal of Plaintiff's Complaint in its entirety, and because no discovery is necessary to resolve Defendant's Motion to Dismiss, a stay of discovery is warranted.

### B. Responding to Plaintiff's Discovery Requests Will Impose An Enormous Burden On Defendant and Will Cause Considerable Disputes That Will Unnecessarily Tax This Court's Resources

Without a stay pending resolution of its Motion to Dismiss, Defendant will be forced to engage in extraordinarily costly and time-consuming discovery. If Defendant's Motion to Dismiss is granted, such discovery will have been unnecessary and unwarranted.

Plaintiff's First Set of Interrogatories (Exhibit A) includes many detailed requests, any of which will require extensive investigation, document retrieval and preparation. The Interrogatories ask Defendant to provide identification and usage details on each any every computer laptop, desktop, tablet, external hard drive, portable hard drive, mp3 player, or any device "capable of connecting to the internet or storing electronic data" that has been used  in the preceding two years at or near Defendant's home. This information is also requested of very wireless router and modem used in the home during the preceding two years. Interrogatory #7 requires Defendant to list each and every person that used internet at Defendant's home through the a wireless router or modem. This covers every single individual that at any point in time in the past two years has come to Defendant's house and used the internet on their wireless device such as an iPhone or other smartphone. If putting together such a list would not be overly burdensome on its own, the following request, Interrogatory #8[1], requires Defendant to describe each such individual by age, relationship, and "whether or not he or she used a password to connect to your wireless router or modem." These two interrogatories alone would require Defendant to interview every visitor to his home from the past two years, assuming

---

[1] Requests such as this further underscore the major flaw in Plaintiff's direct infringement theory. It is absolutely clear that Plaintiff has no idea who illegally downloaded and distributed the videos using BitTorrent software as alleged. Asking Defendant to identify every user of the internet (and therefore every user of IP Address 24.11.171.186) is proof positive of Plaintiff's fishing expedition style discovery strategy.

he could even figure out who those visitors were. Turning to the document requests, they are also extremely broad and concerning. Defendant (at Request #1, <u>Exhibit A</u>) is asked to produce a "forensically sound copy" of the hard drive of <u>every</u> computer laptop, desktop, tablet, external hard drive, portable hard drive, mp3 player, or any device "capable of connecting to the internet or storing electronic data" **that was used in Defendant's house in the past four years**. This request contains no limitations as to ownership and includes each and every device that has used the internet at Defendant's home at any point in the past four years. Because it is commonplace for visitors to use internet while in our homes, this number could be in the hundreds over a four year period[2].  Compiling such a list is difficult enough, but having to produce **clones** of each hard drive would be a daunting and time consuming process.

These are just a few representative examples of the breadth and onerous nature of Plaintiff's initial requests, which appear designed to obtain unlimited amounts of information for Plaintiff to search through in the hopes of piecing together the factual basis for an otherwise dismissible complaint. Fully responding to these requests would undoubtedly require a tremendous time commitment both by Defendant and

---

[2] For example, this request covers every guest that would have (in the four year period) asked for the password to use internet on their smartphone or tablet at Defendant's home.

his counsel. Further, the breadth and objectionable nature of these requests will certainly lead to discovery disputes which may need to be resolved by the Court.

Since the discovery sought by Plaintiff "will not aide the Court in its determination of [Defendant's] Motion to Dismiss," and "dismissal of the Complaint would render the discovery request moot," there is absolutely no harm in staying all discovery pending a resolution of the Motion. See Klein Steel Servs. Inc. v. Sirius Prot., LLC, 2014 U.S. Dist. LEXIS 30259, at *2-3 (E.D. Mich. Mar. 10, 2014) (Exhibit E).

### C. A Limited Stay Will Not Prejudice Plaintiff

In contrast to the concrete and substantial burden faced by Defendant in proceeding with discovery, Plaintiff faces no corresponding prejudice from a stay. If the Court grants Defendant's Motion to Dismiss, then Plaintiff will not be entitled to discovery. If the Court denies the Motion, then Plaintiff will not be harmed by a brief delay in receiving the non-objectionable discovery it seeks. As courts in this Circuit have held, "delay of discovery, without more, is not prejudicial." Botkin v. Tokio Marine & Nichido Fire Ins. Co., 956 F. Supp. 2d 795, 802 (E.D. Ky. 2013); see also Wagner, supra, (Exhibit C), at *2 (granting motion to stay discovery pending resolution of motion to dismiss in antitrust case, where the only hardship articulated by plaintiff was that the defendants' allegedly harmful conduct would continue); Romar, supra, (Exhibit F), at *2-3 ("Aside from being delayed in their efforts to

11

conduct more discovery, plaintiffs have not demonstrated prejudice or any other reason to require the parties to undergo the expense of discovery at this time.").

In short, because Plaintiff cannot show that a temporary stay of discovery would cause it any prejudice, the temporary stay should be granted.

## D. A Stay Of Discovery Would Promote Efficiency and Conserve Judicial Resources

Staying discovery until Defendant's Motion to Dismiss is decided will conserve judicial resources and avoid unnecessary discovery on claims that ultimately may be dismissed. Prison Legal News v. Bezotte, 2012 U.S. Dist. LEXIS 158774, at *3 (E.D. Mich. Nov. 6, 2012) ("A stay of discovery until resolution of the pending motions will prevent time waste and judicial resources.") (Exhibit G); Mass. Mut. Life v. Watson, 2013 U.S. Dist. LEXIS 4560, at *11 (E.D. Ky. Jan. 11, 2013) ("A stay . . . will promote judicial economy by avoiding discovery that may prove unnecessary depending on the resolution of the underlying . . . claims.") (Exhibit H).

## III.   CONCLUSION AND REQUEST FOR RELIEF

For the foregoing reasons, Plaintiff Michael Braun respectfully requests that the Court issue a temporary stay of discovery, including complying with initial disclosure obligations under Fed. R. Civ. P. 26 pending resolution of Defendant's Motion to Dismiss.

Respectfully submitted,

12

HOOPER, HATHAWAY, PRICE,
BEUCHE & WALLACE

Dated:  February 3, 2015          BY:    /s/Oscar A. Rodriguez
                                         Bruce T. Wallace (P24148)
                                         Oscar A. Rodriguez (P73413)
                                         Attorneys for Defendant
                                         126 South Main Street
                                         Ann Arbor, MI  48104
                                         (734) 662-4426
                                         orod@hooperhathaway.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 3, 2015 I electronically filed the foregoing Motion to Stay Discovery Pending a Ruling on Defendant's Motion to Dismiss with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

Paul J. Nicoletti
Nicoletti Law, PLC
33717 Woodward Avenue
Suite 433
Birmingham, MI  48009
pauljnicoletti@gmail.com

                              Respectfully submitted,

                              HOOPER, HATHAWAY, PRICE,
                                BEUCHE & WALLACE

Dated:  February 3, 2015          BY:  /s/Oscar A. Rodriguez
                                  Bruce T. Wallace (P24148)
                                  Oscar A. Rodriguez (P73413)
                                  Attorneys for Defendant
                                  126 South Main Street
                                  Ann Arbor, MI  48104
                                  (734) 662-4426
                                  orod@hooperhathaway.com