UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MALIBU MEDIA, LLC,

            Plaintiff,

CASE NO. 14-CV-12409
HONORABLE GEORGE CARAM STEEH

v.

MICHAEL BRAUN,

            Defendant.

_____/

OPINION AND ORDER DENYING DEFENDANT'S
MOTION FOR STAY OF DISCOVERY (DOC. #19)

Plaintiff filed this copyright infringement action alleging defendant directly infringed its copyrighted adult film movies available on the Internet through the use of BitTorrent, a peer-to-peer file sharing protocol.[1]  Defendant filed a motion to dismiss the amended complaint under Federal Rule of Civil Procedure 12(b)(6) on the grounds that simply being the Comcast Cable account holder with the registered Internet Protocol ("IP") address from which plaintiff's adult film movies were allegedly downloaded and distributed, is not enough to state a claim of copyright infringement.  Defendant argues that plaintiff must show that he, in fact, downloaded and distributed plaintiff's movies without authorization, which is much more than being the registrant of the IP address.  The court noticed the motion to dismiss for hearing.  (Doc. #18).

---

[1] For an in depth explanation of BitTorrent protocol, see *Third Degree Films v. Does 1-36*, No. 11-CV-15200, 2012 WL 2522151, at *1 (E.D. Mich. May 29, 2012).

-1-

Subsequent to filing the motion to dismiss, defendant filed a motion to stay discovery pending the court's ruling on the motion to dismiss. (Doc. #19). Plaintiff filed a response (Doc. #21). Defendant filed a reply (Doc. #23). This motion is now before the court, and, pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), will be determined by the court without oral argument. (Doc. 20). For the reasons that follow, defendant's motion to stay will be denied.

## I. BACKGROUND

This is one of many cases plaintiff has filed in this district and across the country alleging copyright infringement of its adult movies through the use of the BitTorrent peer-to-peer file sharing network. The instant case was brought by plaintiff alleging that defendant copied and distributed 52 adult copyrighted movies in violation of federal copyright laws.

Defendant filed a motion to dismiss on the sole basis that plaintiff's amended complaint fails to state a claim upon which relief can be granted because it does nothing more than allege that defendant was the registrant of the IP address which copied and distributed the copyrighted movies. In the motion currently before the court, defendant seeks a stay of discovery pending the court's decision on the motion to dismiss. Plaintiff opposes the motion. The court's discussion and decision follows.

## II. STANDARD OF REVIEW

"Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999) (citing *Landis v. North Am. Co.*, 299 U.S. 248, 254–55 (1936)). "Limitations on pretrial discovery are appropriate where claims may be dismissed 'based on legal determinations that could not have been altered by any further discovery.'"

-2-

*Gettings v. Building Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (citing *Muzquiz v. W.A. Foote Memorial Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir. 1995)). Unless it is shown that the plaintiff would suffer substantial prejudice from a stay of discovery, a trial court's decision to stay discovery will not be disturbed. *Cochran v. United Parcel Service, Inc.*, 137 F. App'x 768, 772 (6th Cir. 2005).

### III. ANALYSIS

Defendant argues that the court should stay discovery pending a ruling his motion to dismiss because discovery would be unnecessary if the motion to dismiss is granted. Plaintiff would not be prejudiced, defendant avers, because discovery would only be stayed for a short period of time.

Plaintiff responds that the court should deny defendant's motion to stay because the underlying motion to dismiss is frivolous. In addition, plaintiff contends that crucial evidence will be lost if discovery is stayed prejudicing it in proving its case. This is because much of the discovery sought involves hard drives and other electronic storage devices, which can naturally be erased when new files overwrite older, deleted files. As more time passes, according to plaintiff, it could become impossible to recover deleted files.

The court agrees with plaintiff that a stay of discovery pending a decision on the motion to dismiss is unwarranted. First, plaintiff is correct that, given the nature of the evidence in this case, a stay of discovery may have a prejudicial impact on plaintiff. Plaintiff is entitled to access the crucial evidence—defendant's hard drives and other electronic storage devices—before time lapses and older deleted files naturally are overwritten by newer files.

Second, while the motion to dismiss is not yet before the court, it does not appear that the motion will be granted. The crux of defendant's argument is that the court must take a giant leap to conclude that, because he is the registered owner of the IP address which copied and distributed plaintiff's movies, he must have engaged in the infringing activities. Defendant relies on out of district cases for the proposition that it is not enough under Rule 12(b)(6) to simply allege that the defendant is the owner of an IP address because it does nothing to show who actually copied/downloaded/distributed the copyrighted materials. *Elf-Man, LLC v. Cariveau*, No. C13-0507, 2014 WL 202096, at *2 (W.D. Wash. Jan. 17, 2014) ("[S]imply identifying the account holder associated with an IP address tells us very little about who actually downloaded [the copyrighted material] using that IP address."); *AF Holdings LLC v. Rogers*, No. 12CV1519, 2013 WL 358292, at *2 (S.D. Cal. Jan. 29, 2013) ("Because the subscriber of an IP address may very well be innocent of infringing activity associated with the IP address, courts take care to distinguish between subscribers and infringers."). While the reasoning of these cases may be considered, the court is not persuaded that Rule 12(b)(6) requires something more than what was alleged here.

Judge Thomas Ludington recently dealt with this issue in *Malibu Media LLC v. Doe*, No. 13-12178, 2013 WL 3945978, at *4 (E.D. Mich. July 31, 2013), stating:

> Here, as noted, the complaint alleges that Defendant exercises control over the IP address in question. Defendant is the person who purchased an internet subscription and was assigned the unique IP address at issue. And that unique IP address is being used to distribute Plaintiff's copyrighted movies. While there is a possibility that a third party has somehow gained access to Defendant's IP address, the more likely explanation is that it is Defendant who is distributing Plaintiff's works. This is all that is required to plausibly state a claim for relief. . . .

-4-

This court, as have the majority of courts that have considered this issue, agrees that Judge Ludington's analysis is more in line with *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). *See, e.g.*, *Malibu Media LLC v. Gilvin*, No. 3:13-CV-72JVB, 2014 WL 1260110, at *3 (N.D. Ind. March 26, 2014) ("The allegations that Defendant is the internet subscriber whose internet address was being used to distribute bits of Plaintiff's movies make it plausible that he was the infringer. These allegations are not so sketchy or implausible that they fail to give Defendant sufficient notice of Plaintiff's claim."); *Malibu Media, LLC v. Doe*, No. 1:14-cv-383, 2014 WL 4986467, at *4 (S.D. Ohio) ("'[W]hile it is a reasonable possibility that the Defendant here did not commit any copyright infringement because another individual did so using his IP address, such as a different family member, visitor, neighbor, or passerby, it is an equally reasonable possibility that the Defendant committed the accused . . . act,'" citing *Patrick Collins, Inc. v. John Doe 1*, 945 F.Supp.2d 367, 375 (E.D.N.Y. 2013)); *Malibu Media, LLC v. John Does 1-11*, No. 12-cv-3810, 2013 WL 3732839, at *4 (S.D.N.Y. July 16, 2013) ("This position has been adopted by numerous courts that have found copyright infringement claims to be sufficiently pled where the defendant was only identified by an IP address.") (collecting cases).

Given that plaintiff may be prejudiced if discovery is stayed, and defendant has not demonstrated he is likely to prevail in his Rule 12(b)(6) motion to dismiss, discovery will not be stayed.

IV. CONCLUSION

For the reasons stated above, defendant's motion to stay is DENIED.

IT IS SO ORDERED.

Dated: March 9, 2015

                                        s/George Caram Steeh
                                        GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
March 9, 2015, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---